Judge Underwood
delivered the opinion of the court.
Judge Nicholas did not sit.
Two questions are .presented for consideration; first, is the declaration good? if so; secondly, did the court err in instructing the jury to find as in case of a nonsuit? The declaration contains two counts, toeaoh of which a separate demurrer was filed, and.likewise a general demurrer to the whole declaration. The plaintiff confessed error in the first count, and the court sustained the demurrer to it. The demurrer to the second count was overruled. The sufficiency of the second count presents the only question for our examination upon the declaration.
The action was Debt, founded upon the official bond of a constable, for whom the testator was suretv. The penalty of the bond was demanded, to wit. •‡}000 If was sued for in the debelnud delinet. The bond with its condition is set out, and a breach of •the condition is assigned bv avering that various executions which are described hv their dates, and the names of the persons against whom they issued, .&n. were placed in the hands of the constable between the test and return dav to collect, and that the “said Rowzee, the constable, failed to -make true and correct returns upon said executions, and each of them, laud that said Rowzee, as constable, as aforesaid, collected money on said executions, which he has failed to pay over to said plaintiff, or in any way to account for the same to the persons entitled thereto.” The declaration, after the foregoing averment, concludes by averring that the other obligors in the bond sued on, had not accounted to, or paid the plaintiff or the Coopers the sums collected by Rowzee, the constable, on the executions placed in *162 pis bands; “but the same to pay, they and each of them hath hitherto failed, and refused to plaintiffs damage $2000,”
In a tíum agaliisl'a constable, a faded t’ malua true ami correct re execution*’’ is m-efficient to render him faUe^reujrn. To reneer a coustabie Ha retur°r A{bf'Se declaration should st.ite the return °( made, and then charge shew1 the b"1 jury result-"
Neither shot-iff,, nor constables are bound to go out o! their pa^ovTr money collected on execuBefóle a «heriff or con able is liuh-e 101 lected by him un an execulion, where the creditor resides in another county, a special demand,and refusal by him to pay, are essential prerequisites In a declara*tion upon a constable’s bond ior a failure to pay ov- r money collected upion an execution,.it is necessary to aver a special demand, and the averment °f ,sfPe TeT the neciahews thattTu-p'itf’s. are residents °r hadT1"*^’ known agent «herein, or XÍTe Tun-6 ferencc! * "
*162 We think the count insufficient. There is_ in the first part of the count a general allegation that Rowzee had broken the condition of his by failing to make clue and legal returns of process placed in his hands, and by failing to pay and satisfy all sums of money by him procured upon process placed in his hands. But when these general averments are reduced to specific charges, and confined to the particular executions described, ¡t is done in the manner already indicated by quotations frorn the declaration. Thus limited the misfeasance charged in relation to the returns of the ex-edition, is that the constable “failed to make true an<* correct- returns upon the executions.” That a constable is liable for a false return will not be questioned; but to render him liable on that account, the declaration should state the nature of the return made, and then charge its falsity, and shew the injury resulting. The foregoing is entirely too loose to convR;t the constable of a false return; nor does R amount to an averment that the executions were not returned according to their command, or within twenty days thereafter. It would rather be inferred that there was no just cause of complaint against the constable for failing to return the executions in due time, but that the returns endorsed were false in point of fact or illegal on their face. The declaration seems not to have been formed with a view to make the constable or his surety answerable for a false ref urn. If that was designed it is altogether insufficient,
It has long been the law, as prescribed by the statute, that sheriffs were not bound to go out of Rie‘r counties to pay over money collected on executions. Before a sheriff is liable to be sued for money collected by him on executions, where the creditor resides in another county, a special demand, and his refusal thereon to pay, are essential prerequisites. The act of 1828, reducing into one the -‘‘veral execution laws, substantially contains in the 22d section the above provision. A correct con *163 Struction of the 24th. section of the same act requires that the same doctrine should be applied to constables: and certainly there is as mnch reason for its application to them as there is to prescribe the rule for the benefit of sheriffs. We therefore conceive that it is necessary in a declaration upon a constable’s bond where he or his sureties are sued for an alledged failure to pay over money collected upon executions, to aver a special demand', and that the merely formal averment of scope requisitus is not sufficient unless that the declaration shews on its face that the plaintiffs or relators are residents of the county or had a known agent therein, or unless such be the legal inference. Now in this case the record shows that the relators were non-residents of the State, and therefore the declaration is defective’ in not averring a special demand. Hence there is no ground upon which a recovery can be had even for the money which may have been collected by the constable in the present action.
Richardson and Combs, for appellants; Monroe, for appellee.
The judgment-must therefore be affirmed because of the defects of the declaration. If the declaration were good as it stands, still there would be no reversal, because the only proof offered wasthe failure of the constable to return the executions, and have already shown that there is no count which-sufficiently presented a valid claim for that cause:
The failure to state in.-the declaration that the executions had been endowed, that the officer might receive bank notes in payment, &c. was not in our opinion a sufficient .ieason for instructing the jury as in case of a nonsuit, as the executions were sufficiently identified by the description given.
Judgment affirmed with costs.